Filed 1/19/23  P. v. Massey CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EUGENE JAMAR MASSEY,<br><br>    Defendant and Appellant. | 2d Crim. No. B323182<br>(Super. Ct. No. TA039715)<br>(Los Angeles County) |

Eugene Jamar Massey appeals an order denying his petition for resentencing pursuant to former Penal Code section 1170.95 (now renumbered section 1172.6).[1]  The resentencing petition concerned his 2001 conviction of willful, deliberate, and premeditated murder with a finding of personal firearm use during commission of the murder.  (§§ 187, subd. (a), 12022.5, subd. (a).)  The trial court sentenced Massey to a prison term of 35 years to life.  Massey appealed and raised evidentiary and

---

[1] All statutory references are to the Penal Code.

1

instructional arguments.  We rejected the arguments and affirmed the conviction on appeal.  (*People v. Massey* (Jan. 8, 2002, B148256) [nonpub. opn.].)

Evidence presented at Massey's jury trial established this: In 1997, Massey and Darryl Johnson argued during a dice game.  Massey left but returned shortly with a gun.  Massey threatened Johnson who remained inside his residence, refusing to come outside.  The following day, Massey approached Johnson who was standing outside speaking with friends.  Massey pulled a gun from his waistband and shot Johnson in the chest.  Johnson died shortly thereafter.  Eyewitnesses saw the shooting and Massey running from the scene.

On January 5, 2022, Massey filed a petition for resentencing pursuant to section 1170.95.  The petition alleged that Massey's murder prosecution rested upon theories of felony murder, the natural and probable consequences doctrine, or implied malice.  The trial court appointed counsel for Massey and received briefing.  The court then denied the petition because Massey was the actual killer who personally used a firearm to murder the victim.  The court determined that Massey's prosecution did not rest upon felony murder or any theories of implied malice; thus, Massey is ineligible for section 1172.6 resentencing relief.  Massey now appeals this decision.

We appointed counsel to represent Massey in this appeal.  After examination of the record, counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441, raising no issues.  In response to counsel's brief, we advised Massey that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.  We have not received a response from him.

The order is affirmed.
<u>NOT TO BE PUBLISHED</u>.


                              GILBERT, P. J.


We concur:



    YEGAN, J.



    BALTODANO, J.

Tammy Chung Ryu, Judge

Superior Court County of Los Angeles

_____

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.